# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Jane Doe, CCDC I.D. #25361
          Plaintiff,

v.

James T. DeWees, Sheriff of Carroll County;
Ben Craft, Deputy Sheriff;
Douglas Kriete, Deputy Sheriff;
Daren Metzler, Deputy Sheriff;
Megan Dickerson, Administrative Commissioner;
Michele Miner, Court Commissioner;
Mary C. Reese, District Court Judge;
JoAnn Ellinghaus-Jones, District Court Judge (retired);
Mary K. Smith, District Court Administrative Clerk;
Kathryn Glenn, District Court Clerk;
B. Shirey, District Court Clerk;
C. Haines, District Court Clerk;
Adam G. Wells, Assistant State's Attorney for Carroll
    County
Brian DeLeonardo, State's Attorney for Carroll County;
George Hardinger, Warden of Carroll County Detention
    Center (CCDC);
Amanda Blizzard, Correctional Officer;
C.S. Wendell Highsmith, Jr., Correctional Officer;
Chester L. Arnott, Correctional Officer;
Cheyenne Lee, Correctional Officer;
Craig Koerner, Correctional Officer;
Dennis Harmon, Correctional Officer;
Douglas McGreevy, Jr., Correctional Officer
Garth Mays, Correctional Officer;
James Kershesky, Correctional Officer;
John Bowen III, Correctional Officer;
Joshua Boschert, Correctional Officer;
Kenneth Chesgreen, Correctional Officer;
Kristy Cerny, Correctional Officer;
Larry Naill, Jr., Correctional Officer;
Michael Andrews, Correctional Officer;
Michael E. Boyd, Correctional Officer;
Michael Green, Correctional Officer;
Michael L. McCrea, Correctional Officer;
Mr. Jersild, Correctional Officer;
Nadia Medevich, Correctional Officer;
Paula Hyde, Correctional Officer;



FILED
LODGED    ENTERED
   RECEIVED

JUL 0 2 2018

CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
NIGHT DROP BOX

Case No.

TDC-18-2014

**CIVIL COMPLAINT**

**JURY TRIAL**

- 1 -

Robin L. Shorb, Correctional Officer
Steven McCoy, Correctional Officer ;
Teresa L. Bosley, Correctional Officer;
Tony L. Mummert, Correctional Officer;
Tracy Lillehaug, Correctional Officer;
Judy Warner, Correctional Officer;
Britnie Boschert, Employee of CCDC;
Joyce Schaum, contractor with CONMED;
CONMED Healthcare Management, Inc.;
S_____, Unidentified Correctional Officer;
P_____, Unidentified Correctional Officer;
Six unidentified Correctional Officers;
Five unidentified District Court Clerks;
Unidentified contractor, CONMED.
*in their individual capacities.*

**CIVIL COMPLAINT**

**JURY TRIAL**

Now comes Plaintiff Jane Doe, CCDC I.D. #25361,[1] *pro se*, and hereby files this Complaint for damages as a result of Defendants' wrongful acts. Plaintiff sues all Defendants in their individual capacities, and states as follows in support thereof:

## I. PARTIES

### A. The Plaintiff

Jane Doe, CCDC I.D. #25361
c/o LWRN
5 South Center Street, #1100
Westminster, MD 21157
(410) 857-5444
email: lwrn@mail.com

Plaintiff is a citizen of the United States and resident of Maryland for the purposes of this Complaint.

### B. The Defendants

---

[1] Jane Doe, CCDC #25361, is Plaintiff's name as held at the Carroll County Detention Center. Jane Doe is listed in Maryland judiciary case search under Case No. 6S00065736, with accompanying Case Nos. HB0JQF, HC0JQF, HD0JQF, HF0JQF, HG0JQF, HH0JQF, HJ0JQF, and was also given I.D. #34979.

1. Adam G. Wells, Assistant State's Attorney for Carroll County, 55 North Court Street, Westminster, MD 21154, ph: 410-386-2671; in his individual capacity.

2. Amanda Blizzard, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in her individual capacity.

3. B. Shirey, District Court Clerk at the time of Plaintiff's pre-trial detention, 101 North Court Street, Westminster, MD 21157, ph: 410-871-3500; in his individual capacity.

4. Ben Craft, Deputy Sheriff, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2900; in his individual capacity.

5. Brian DeLeonardo, State's Attorney for Carroll County, 55 North Court Street, Westminster, MD 21154, ph: 410-386-2671, email: ccstatesattorney@ccg.carr.org; in his individual capacity.

6. Britnie Boschert, employee of CCDC at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in her individual capacity.

7. C. Haines, District Court Clerk at the time of Plaintiff's pre-trial detention, 101 North Court Street, Westminster, MD 21157, ph: 410-871-3500; in his individual capacity.

8. CONMED Healthcare Management, Inc., 7250 Parkway Drive, #400, Hanover, Maryland 2107, ph: 410-567-5520.

9. C.S. Wendell Highsmith, Jr., Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

10. Chester L. Arnott, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

11. Cheyenne Lee, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

12. Craig Koerner, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

13. Daren Metzler, Deputy Sheriff, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2900; in his individual capacity.

14. Dennis Harmon, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

15. JoAnn Ellinghaus-Jones, District Court Judge (retired), 1225 Campus Court, Westminster, Maryland 21157; in her individual capacity.

16. Mary C. Reece, District Court Judge, 3451 Court House Drive, Ellicott City, Maryland 21043, ph: 410-480-7700; in her individual capacity.

17. Douglas Kriete, Deputy Sheriff, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2900; in his individual capacity.

18. Douglas McGreevy, Jr., Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

19. Garth Mays, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

20. George Hardinger, Warden of Carroll County Detention Center ("CCDC"), 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628, email: ghardinger@cg.carr.org; in his individual capacity.

21. James DeWees, Sheriff of Carroll County, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2900, email: jdewees@ccg.carr.org; in his individual capacity.

22. James Kershesky, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

23. John Bowen III, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

24. Joshua Boschert, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

25. Joyce Schaum, Contracted Mental Health Coordinator, Carroll County Detention Center, 100 North Court Street, Westminster, Maryland 21157; also: 15 E. Main Street, Suite 108, Westminster, Maryland 21157, ph: 410-346-6617, email: schaum.jps@gmail.com; in her individual capacity.

- 4 -

26. Judy Warner, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

27. Kathryn Glenn, County Clerk, District Court, 101 North Court Street, Westminster, MD 21157, ph: 410-871-3504, email: kathryn.glenn@mdcourts.gov; in her individual capacity.

28. Kenneth Chesgreen, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

29. Kristy Cerny, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in her individual capacity.

30. Larry Naill, Jr., Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

31. Mary K. Smith, Administrative Clerk, District Court, 101 North Court Street, Westminster, MD 21157, ph: 410-871-3510, email: kay.smith@mdcourts.gov; in her individual capacity.

32. Megan Dickerson, Administrative District Court Commissioner over the Carroll County Court Commissioners at the time of Plaintiff's pre-trial detention, 411 B Nayor Mill Road, Salisbury, MD 21801, ph: 410-548-2997, email: megan.dickerson@mdcourts.gov; in her individual capacity.

33. Michael Andrews, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

34. Michael E. Boyd, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

35. Michael Green, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

36. Michael L. McCrea, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

37.   Michele Miner, a District Court Commissioner at the time of Plaintiff's pre-trial detention, 101 North Court Street (rear), Westminster, Maryland, 21157, 410-871-3520; in her individual capacity.

38.   Mr. Jersild, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

39.   Nadia Medevich, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in her individual capacity.

40.   Paula Hyde, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in her individual capacity.

41.   Robin L. Shorb, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in her individual capacity.

42.   Steven McCoy, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

43.   Teresa L. Bosley, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in her individual capacity.

44.   Tony L. Mummert, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

45.   Tracy Lillehaug, Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

46.   S_____, Unidentified Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157, ph: 410-386-2628; in his individual capacity.

47.   P_____, Unidentified Correctional Officer at the time of Plaintiff's pre-trial detention, 100 North Court Street, ph: 410-386-2628; in his individual capacity.

48.   Six unidentified Correctional Officers at the time of Plaintiff's pre-trial detention, 100 North Court Street, Westminster, Maryland 21157.

49.   Five unidentified District Court Clerks at the time of Plaintiff's pre-trial detention, 101 North Court Street, Westminster, MD 21157.

50.   Unidentified mental health contractor, Carroll County Detention Center, 100 North Court Street, Westminster, Maryland 21157.

## II. JURISDICTION AND VENUE

1.   This action is brought against defendants pursuant to 42 U.S.C. § 1983 for committing acts under the color of law and depriving plaintiff of rights secured by the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution, and the Maryland Constitution.

2.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, § 1343(a)(3) and § 1367(a).

3.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that the acts and omissions which give rise to the action occurred within this District and within three years of the filing of this Complaint.

4.   This case presents a federal question, an actual case in controversy arising under the Constitution of the United States, involving Article 6, Clause 2 of the Constitution, and the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution.

## III. Complaint

1.   This is a civil action seeking damages against Defendants for committing acts under color of law, which deprived Plaintiff of rights secured by the Constitution and laws of the United States; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws, and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2.     At all times material to this Complaint, Defendants acted under color of their various State positions, and under the color of the statutes, customs, ordinances, and usage of the State of Maryland, the Maryland Courts, the Sheriff's Office, and the Carroll County Detention Center.

3.     All allegations in this complaint are based on personal knowledge or information and belief of Plaintiff.

## COUNT 1 (Against Defendant Sheriff's Deputies Craft, Kriete, and Metzler)

1.     On or about June 27, 2015, at approximately 1:30 to 1:40 A.M. plaintiff was operating a car on the streets of Westminster, Maryland. Plaintiff was obeying all traffic laws, and proceeding at or under the speed limit. When Plaintiff stopped at the red light on Englar Road and Highway 140, Defendant Ben Craft suddenly appeared at the left side of the car, hitting the window forcefully with his fist and startling and frightening Defendant.

2.     Defendant Craft, whose badge was not visible to Plaintiff, did not at any time inform Plaintiff Doe she was being detained or was under arrest, and gave the reason for the traffic stop variously as the car "having a tag light out" or 'having a tail light out," statements Plaintiff had reason to believe were false.

3.     Plaintiff requested Defendant Craft to allow her to drive to an adjacent parking lot within the view of both Plaintiff and Defendant Craft, so that the car would be out of the road and a discussion could continue in the lit parking lot. Defendant Ben Craft refused her request without reason and demanded she exit the car immediately.

4.     At all times in her interaction with Defendant Craft, Plaintiff remained peacefully seated in the fully stopped car with her seat and shoulder belt on and her hands in plain sight on the wheel. At no time nor in any place did Plaintiff attempt to flee or elude any Defendant, or attempt to resist any arrest, or offer violence to any Defendant.

5.    Defendant Ben Craft, acting in concert with Defendants Douglas Kriete and Daren Metzler, and with no provocation, need, explanation or warning, removed Plaintiff from the car by abruptly opening the door, unclasping her seat belt, and forcibly dragging her bodily from the car, in the process twisting her arms behind her back and nearly dislocating her shoulder and bruising her arms. Plaintiff was unarmed, unable to resist Defendants' superior and combined physical strength in any way, and never offered any resistance or attempt to hinder Defendants' actions toward her.

6.    Defendants forced Plaintiff into the back seat of a police vehicle, and proceeded to search the car from which Plaintiff had been removed and to allow Westminster Police to search the car also; all rummaging through the car and the trunk of the car at will with no warrant, need, reasonable suspicion or probable cause.

7.    Defendants imprisoned Plaintiff in the police vehicle for an extended period of time, and Plaintiff was distressed and felt the need to urinate. Handcuffed behind her back, Plaintiff was precluded from using her hands, so Plaintiff used her feet to tap on the window. When she explained her predicament, Defendant Craft threatened her not to pee on his vehicle's seat, and closed the door. After waiting many more minutes and becoming anxious, Plaintiff Doe tried to get his attention again the same way. With no need, provocation, or explanation, Defendants opened the door, forcibly grabbed Plaintiff's feet, lashed them together and closed the door on the trailing end of the lash, effectively holding her feet tightly bound to the door while she was handcuffed, contorting her body and traumatizing her.

8.    At the time of her arrest, Plaintiff was not informed of any grounds for the arrest.

9.    Defendant Ben Craft initiated a traffic stop in the absence of any lawful grounds, reasonable suspicion, warrant, or probable cause. At the time of Plaintiff's arrest, no warrant,

grounds, probable cause, need, reasonable suspicion or probable cause existed for Plaintiff's arrest.

10.     Plaintiff was transported to Carroll County Detention Center, where she was incarcerated for 67 days.

11.     As a result of the concerted unlawful search of the car from which Plaintiff was removed, Defendants Craft, Kriete, Metzler, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of her right to be secure in her property without due process of law in violation of the Fourth Amendment of the United States Constitution.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 1 against Defendants Craft, Kriete, Metzler, jointly and severally, for compensatory damages in an amount exceeding $400,000, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of $200,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

## COUNT 2 (Against Defendant Sheriff's Deputies Craft, Kriete, and Metzler)

1-10.   Plaintiff alleges and realleges Paragraphs 1 through 11 of Count 1 as Paragraphs 1 through 11 of this Count, with the same force and effect as if fully set forth herein.

11.     As a result of their concerted unlawful and malicious arrest, false imprisonment, assault and battery of Plaintiff, Defendants Craft, Kriete, and Metzler, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, intentionally inflicted emotional distress on Plaintiff, deprived Plaintiff of her liberty without due process of law and violated the security of her person in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

- 10 -

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 2 against Defendants Craft, Kriete, Metzler, jointly and severally, for compensatory damages in an amount exceeding $400,000, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of §200,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## COUNT 3 (Against Defendant Sheriff's Deputies Craft, Kriete, Metzler, and Defendant Correctional Officers McCrea, Boyd, Bowen, and Unidentifed Correctional Officer #1)

1-10.   Plaintiff alleges and realleges Paragraphs 1 through 10 of Count 1 as Paragraphs 1 through 10 of this Count, with the same force and effect as if fully set forth herein.

11.     On June 27, 2015, Defendant Craft, in agreement with Defendants Kriete and Metzler, and conspiring with and aided and abetted by Defendants McCrea, Boyd, Bowen, and Unidentified Correctional Officer #1, devised and swore out a false affidavit or statement against Plaintiff without probable cause, alleging seven traffic offenses, including driving/attempting to drive without a license, and three crimes — resisting or interfering with arrest, failure to obey lawful order, and obstructing and hindering a police officer. All charges, in their entirely, were dismissed by the State's Attorney by Nolle Prosequi on August 28, 2018, before the District Court of Carroll County, Judge Brian Green presiding. The dismissal was the final termination of all charges in favor of Plaintiff.

12.     Defendant Craft falsely swore out a statement of charges against Plaintiff without probable cause or reason, with deliberate intent to inflict emotional distress, and to maliciously prosecute Plaintiff in order to continue the false imprisonment of Plaintiff, resulting in

13.     As a result of their conspiracy and malicious prosecution of Plaintiff, Defendants Craft, Kriete, and Metzler, McCrea, Boyd, Bowen, and Unidentified Correctional Officer #1, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's

rights, inflicted emotional distress on Plaintiff, deprived Plaintiff of her liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 3 against Defendants Craft, Kriete, and Metzler, McCrea, Boyd, Bowen, and John Doe I, jointly and severally, for compensatory damages in an amount exceeding $400,000, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of §200,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## COUNT 4 (Against Defendant Court Commissioner Michele Miner)

1-12.   Plaintiff alleges and realleges Paragraphs 1 through 10 of Count 1 as Paragraphs 1 through 10 of this Count, and Plaintiff alleges and realleges Paragraphs 11-12 of Count 3 as Paragraphs 11-12 of this Count, with the same force and effect as if fully set forth herein.

13.   On or about June 27, 2016, Plaintiff was brought before Defendant Miner for an initial hearing, and she gave Defendant Miner an address at which she could receive court papers.

14.   On or about June 27, 2015, Defendant Miner (a) failed to inform Plaintiff of her constitutional rights, including her right to remain silent; (b) refused to set bail in accordance with Transportation Article § 26-403, (c) refused to set a bail amount at all, (d) issued charges without sworn statements of probable cause, and (d) declared Plaintiff's exercise of her right to remain silent in a criminal case "recalcitrant," and ordered claimant held in custody for exercising her right to remain silent in a criminal case.

15.   When Plaintiff asked Defendant Miner why she refused to set bail, Defendant Miner opined, without any reason or cause, that Plaintiff "could be a sex offender."

16.   As a result of her unlawful actions against Plaintiff, Defendant Miner, whether intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, inflicted emotional distress on Plaintiff, resulting in permanent injury, falsely imprisoned Plaintiff, impeded the due course of justice, and deprived Plaintiff of her right to equal protection of the laws, all in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 4 against Defendant Miner, for compensatory damages in an amount exceeding $150,000, and further demands judgment for punitive damages in the amount of §100,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

## COUNT 5 (Against Defendant Administrative Commissioner Megan Dickerson)

1-15.   Plaintiff alleges and realleges Paragraphs 1 through 15 of Count 4 as Paragraphs 1 through 15 of this Count, with the same force and effect as if fully set forth herein.

16.   Defendant Dickerson has the duty to regulate and control the actions of Court Commissioners and employees under her supervision so as to prevent those subordinate officials from acting in a manner that deprives plaintiffs in custody of their rights un the Constitution and laws of the United States, but failed to, in the following respects:

(a) Defendant Dickerson failed to exercise adequate supervision over subordinates and failed to take steps to regulate and control the discretion of subordinate officers so as to prevent the conduct alleged in Paragraphs 1-15 above.

(b) Defendant Dickerson failed to provide or enforce lawful and proper guidelines and procedures to assist subordinates to engage in only lawful acts.

17.     Defendant Dickerson's failure to supervise subordinates, and her continuation of unlawful policies and practices, whether negligently, intentionally, or with deliberate indifference and callous disregard, resulted in Plaintiff's suffering false imprisonment and deprivations of her right to equal protection of the laws in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 5 against Defendant Dickerson, for compensatory damages in an amount exceeding $150,000, and further demands judgment for punitive damages in the amount of §100,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

**COUNT 6 (Against Defendant Correctional Officers Blizzard, Highsmith, Arnott, Lee, Koerner, Harmon, McGreevy, Mays, Kershesky, Bowen, Joshua Boschert, Chesgreen, Cerny, Naill, Andrews, Boyd, Green, McCrea, Jersild, Medevich, Hyde, McCoy, Bosley, Mummert, Lillehaug, Warner, and Defendant Britnie Boschert.**

1-10.   Plaintiff alleges and realleges Paragraphs 1 through 10 of Count 1 as Paragraphs 1 through 10 of this Count, with the same force and effect as if fully set forth herein.

11.     On or about June 27, 2015, Plaintiff Doe was interviewed by booking personnel in CCDC and she expressly told Detention Center personnel, in response to their questioning, that she was not suicidal, and that she was allergic to any foods containing gluten. She also stated she was exercising her right to remain silent and not give evidence against herself.

12.     Beginning June 27, 2015 and continuing throughout Plaintiff's pre-trial detention, Defendants, acting in concert and agreement with each other, repeatedly and intentionally attempted, both directly through coercive means and indirectly through the intentional infliction of emotional distress, to compel Plaintiff to provide fingerprints, pose for mugshots, and testify as to her name and residency.

13.   From June 27, 2015 through about July 1, 2015, the named Defendants agreed with each other to withhold food from Plaintiff by bringing her meals with gluten in them. Repeatedly throughout this time, Defendant begged them to bring her gluten-free foods and told them she was unable to eat foods with gluten, but her pleas for food were ignored, and only gluten-filled meals were brought to her, depriving her of food.

14.   Plaintiff is a protestant Christian, and a tenet of her religion is that the Bible, as holy scripture inspired by God, is central to all religious practice, and must be made available to every person. She believes it is a personal duty to read holy scripture and obey it.

15.   The Carroll County Detention Center has many softcover Bibles available for detainees, stacked on shelves in the basement.

16.   From June 27, 2015 through about July 5, 2015, Plaintiff repeatedly requested of at least Defendants Cerny, Shorb, and Lee, that she be allowed to practice her religion by reading the Bible, and that she be given a Bible. With no reason, explanation, need, or justification whatsoever, all Defendants requested refused to allow Plaintiff to have a Bible until on or about July 5, 2015.

17.   From June 27, 2015 through on or about July 6, 2015, the named Defendants kept Plaintiff in a booking cell which was immediately adjacent to all central booking activities, exposed to noise night and day, and brightly lit with fluorescent light 24 hours a day, depriving her of sleep.

18.   From June 27, 2015 through on or about July 2, 2015, the named Defendants supplied Plaintiff with no access to a shower or any way to wash herself without exposing her breasts and genitals to the surveillance cameras, depriving her of privacy and necessary hygiene.

19.    From June 27, 2015 through on or about July 5, 2015, despite repeated requests for minimal exercise and recreation to Defendants, Defendants refused to afford Plaintiff any recreation or exercise outside her cell, depriving her of fresh air, sun and exercise.

20.    From June 27, 2015 through on or about July 5, 2015, despite repeated requests for writing materials, Defendants refused to supply any writing materials to Plaintiff, depriving her of freedom of expression, and meaningful access to the courts.

21.    From June 30, 2015 through September 1, 2015, on an arbitrary and capricious basis, Defendants failed or refused to allow Plaintiff Jane Doe access to certain clergy and friends who came to see her, with no penological necessity therefor.

22.    As a result of the unlawful actions of Defendants described in paragraph 9, Plaintiff Jane Doe was denied access to religious counsel and the exercise of her freedom of religion, as well as denied access to psychological and social assistance and the exercise of her right to association, as guaranteed by the First Amendment of the U.S. Constitution.

23.    From June 27, 2015 through September 1, 2015, Defendants Harmon and Blizzard, acting individually and in concert with all other Defendants named, denied Plaintiff adequate access to a law library to research or prepare legal materials.

24.    The CCDC library was inadequate, consisting only of the Maryland Code Annotated and some regulations. Defendants allowed Plaintiff to attend just one hour per week with other inmates from Unit 70, an effective exposure to the library of only twenty minutes per week; in all, Plaintiff was only allowed to visit the small library about six times.

25.    On or about July Defendants intentionally, arbitrarily and capriciously denied Plaintiff access to a lawyer by keeping the lawyer waiting to see her for two hours, frustrating their attorney-client communication.

26.     Defendant Highsmith conspiring and acting in concert with at least two other Defendants, on or about July 22, 2015 and July 24, 2015, stationed themselves so they could eavesdrop on Plaintiff's telephone calls to her lawyer, denying her confidential access to her lawyer for her defense.

27.     As a result of the unlawful actions of Defendants described in paragraphs 23 through 26, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, Defendants individually, and acting in concert, unconstitutionally punished Plaintiff and deprived Plaintiff of her rights secured under the First Amendment of the Constitution of the United States to have access to the Courts, to wit, to petition for redress. Plaintiff Doe was unable to research or prepare any habeus corpus writ, any motion opposing Plaintiff's motion to compel fingerprints, any motions or correspondence for appropriate discovery, and to was denied the ability to prepare for her defense of the charges maliciously prosecuted against her.

28.     Defendants individually, jointly, or conspiring together, took the actions complained of in paragraphs 11 through 26 to intentionally inflict emotional distress upon Plaintiff and deprive her of fair and equal treatment and her rights guaranteed by law; a pattern of actions with the desired goal of breaking her emotionally and compelling her to give evidence against herself.

29.     As a result of the unlawful actions of Defendants described in paragraphs 11 through 26, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, Defendants individually, and acting in concert, unconstitutionally punished Plaintiff, deprived Plaintiff of her right to be secure in her person, denied her equal protection of the law, her right to petition for redress, her right to free exercise of religion, her right to

association, and her right not to be compelled to testify against herself, in violation of the First, Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments of the United States Constitution.

30.    As a result of the unlawful actions of Defendants described in paragraphs 1 through 9, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, Defendants individually, and acting in concert, traumatized Plaintiff, caused emotional distress, and inflicted a lasting and continuing injury known as Post Traumatic Stress Disorder (PTSD).

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 6 against all Defendants, jointly and severally, for compensatory damages in an amount exceeding $1,200,000, and further demands judgment against *each* of said Defendants, jointly and severally; for punitive damages in the amount of $100,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

## COUNT 7 (Against Defendants CONMED, Schaum, Blizzard, Medevich, Cerny, and Unidentified CONMED contractor)

1.    On or about June 29, 2015, Defendant Joyce Schaum, a mental health worker at CCDC contracted through CONMED Healthcare Management, Inc., interrogated Plaintiff Doe in her booking cell to intimidate or defraud her into giving evidence against herself. Defendant Schaum falsely informed Plaintiff Doe that if she gave Defendant Schaum her name, the HIPAA laws would not allow her to give that name to CCDC personnel.

2.    On or about June 29, 2015, Defendant Schaum, acting alone or in concert with Defendants Blizzard, Cerny, and Medevich, fabricated a report that Plaintiff was suicidal, resulting in Plaintiff being assaulted, battered, and stripped naked of her clothes by Defendants Blizzard, Cerny, and Medevich, who, acting in concert, forcibly attired her in a "turtle" or

"suicide" suit, a black padded suit with velcro strips which did not appropriately cover her nakedness.

3.      At all times in her interactions with Defendants Schaum, Blizzard, Medevich, and Cerny, Plaintiff remained peaceful and offered no violence, or even resistance, to Defendants' violence upon her person at any time.

4.      On or about June 30, 2015, Plaintiff Doe was taken to Defendant Schaum's CCDC office, and Schaum advised she had declared Plaintiff Doe suicidal only because Plaintiff Doe did not choose to answer all of her interrogatories the day before. When Plaintiff specifically informed Schaum that she was *not* suicidal, Schaum refused to change her report, but continued to maintain her baseless report that Plaintiff Doe was suicidal through and including at least July 6, 2015.

5.      On or about July 2, 2015, Defendant Schaum and Defendant Unidentified CONMED contrator visited Plaintiff Doe in the booking cell for approximately two minutes. Defendant CONMED contractor, a psychiatrist apparently superior to Defendant Schaum, declared that Plaintiff Doe was *not* suicidal, but refused to order a change of status for Plaintiff Doe.

6.      On or about July 3, 2015, Defendant Schaum again returned to the booking cell in which Plaintiff was being held. When asked again why Plaintiff was still in a "suicide" suit after being declared non-suicidal, Defendant Schaum opined only that Plaintiff might be showing "poor judgment."

7.      Defendants' conspiracy to continue the fiction that Plaintiff Doe should be on "suicide watch" resulted in a deprivation of her right to freedom of religion and expression in violation of the First Amendment of the U.S. Constitution, in that she was denied a Bible and writing materials from June 29, 2015 through at least July 5, 2015.

- 19 -

8.    Defendants' conspiratorial fiction that Plaintiff Doe should be on "suicide watch" also intentionally inflicted humiliation, embarrassment and emotional distress on Plaintiff, who was forced to appear for her bail review before Judge Reece, to visit with Carroll County Commissioner Richard Rothschild, and to visit with three male acquaintances in the public visiting area in the "suicide" suit.

9.    By means of their baseless reports against Plaintiff and the resulting unlawful detention of Plaintiff on "suicide watch," Defendants Schaum and CONMED contractor, in concert with Defendants Blizzard, Cerny, and Medevich, whether negligently, intentionally, or with deliberate indifference or callous disregard of Plaintiff's rights, committed malicious prosecution and assault, impeded and obstructed the course of justice, and falsely imprisoned Plaintiff, depriving Plaintiff of her right to be free from unreasonable searches and seizures, in violation of the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 7 against all Defendants herein named, jointly and severally, for compensatory damages in an amount exceeding $400,000, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of $100,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

**COUNT 8 (Against Defendants DeWees, Hardinger and Boschert)**

1.    On or about July 17, 2015, Defendant Boschert called Plaintiff out of CCDC Unit 70, and once Plaintiff entered the hallway, Defendant informed Plaintiff that unless she gave Carroll County Detention Center a note or written advice from a doctor stating that she was gluten-intolerant, Defendant and Carroll County Detention Center were going to resume serving her only foods with gluten in them, *i.e.,* the normal inmate diet.

3.    From her experience and observation, Plaintiff has knowledge and reason to believe that it is CCDC policy to solicit self-reporting of allergies, including food allergies, without notes from doctors. Thus, Defendant Boschert's misrepresentation of this alleged "requirement" was intended as an assault and an attempt to obtain information about Defendant's identity indirectly through a doctor.

4.    Defendant Boschert's threat to deprive Plaintiff of food unless she provided evidence against herself continued a pattern of abuse and intentional infliction of emotional distress which was agreed to, begun, encouraged, endorsed, and supported by Defendants DeWees and Hardinger. In the alternative, Defendants DeWees and Hardinger, jointly or individually, failed to adequately train or supervise their employees to prevent such injuries and deprivations of constitutional rights.

9.    Defendant Boschert's threats and intimidation, whether individually or acting on an agreement or order from another, intentionally, or with deliberate indifference or callous disregard of Plaintiff's rights, resulted in depriving Plaintiff of her rights not to be punished unless convicted, not to be compelled to give evidence against herself, and to be secure in her person, in violation of the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 8 against all Defendants, jointly and severally, for compensatory damages in an amount exceeding $100,000, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of $50,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

## COUNT 9 (Against Defendant Reece)

- 21 -

1.     On or about June 30, 2015, Defendant Reece was a District Court Judge, holding office as created under the Maryland Constitution, and under an oath of office as set forth in Article I, Section 9 of that Constitution, to wit: an oath to support the Maryland Constitution and the United States Constitution. Under Article 6, Cl. 2 and Cl. 3 of the United States Constitution, she is also bound by that Constitution.

2.     On or about June 30, 2015, Defendant Reece, at a bail review hearing conducted in the District Court, and without lawful authority, legal justification or jurisdiction therefor, ordered Plaintiff Doe to be committed to CCDC as a pre-trial detainee under the excessive bail amount of $500,000.00, to be paid in cash or certified check.

3.     On or about June 30, 2015, Defendant Reece, without legal justification or jurisdiction therefor, ordered Plaintiff Doe to be committed to CCDC as a pre-trial detainee until she testified against herself by providing her name, date of birth, federal social security number, and residence address.

4.     In ordering the commitment of Plaintiff, as described in Paragraphs 2 through 3 above, Defendant Reece, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, a) set excessive bail, b) sought to compel testimony and evidence from Plaintiff, a non-convicted person, through imprisonment and cruel and unusual punishment, c) seized and falsely imprisoned Plaintiff or caused Plaintiff to be seized and falsely imprisoned, and d) deprived Plaintiff of her liberty without jurisdiction or due process of law for 60 days, in violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 9 against Defendant Mary Reece for compensatory damages in an amount exceeding $1,200,000, and further

demands judgment for punitive damages in the amount of $200,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

## COUNT 10 (Against Defendant Ellinghaus-Jones)

1. On or about July 7, 2015, Defendant Ellinghaus-Jones was a District Court Judge, holding office as created under the Maryland Constitution, and under an oath of office as set forth in Article I, Section 9 of that Constitution, to wit: an oath to support the Maryland Constitution and the United States Constitution. Under Article 6, Cl. 2 and Cl. 3 of the United States Constitution, she is also bound by the provisions of the United States Constitution.

2. On or about July 7, 2015, Defendant Ellinghaus-Jones, at a bail review hearing conducted in the District Court, and without lawful authority, legal justification or jurisdiction therefor, ordered Plaintiff Doe to be re-committed to CCDC as a pre-trial detainee under the excessive bail amount of $500,000.00, to be paid in cash or certified check.

3. On or about July 7, 2015, Defendant Ellinghaus-Jones, without legal justification or jurisdiction therefor, ordered Plaintiff Doe to be re-committed to CCDC as a pre-trial detainee until she testified against herself by providing name, date of birth, federal social security number, and residence address.

4. In ordering the re-commitment of Plaintiff, as described in Paragraphs 2 through 3 above, Defendant Ellinghaus-Jones, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, a) set excessive bail, b) sought to compel testimony and evidence from Plaintiff, a non-convicted person, through imprisonment and cruel and unusual punishment, c) seized and falsely imprisoned Plaintiff or caused Plaintiff to be seized and falsely imprisoned, and d) deprived Plaintiff of her liberty without jurisdiction or due

process of law for 53 days, in violation of the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count V against Defendant Ellinghaus-Jones for compensatory damages in an amount exceeding $1,000,000, and further demands judgment for punitive damages in the amount of $200,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

## COUNT 11 (Against Defendant Ellinghaus-Jones)

1.    Plaintiff realleges paragraphs 1-4 of Count 10 as paragraphs 1-4 of Count 11 and hereby incorporates them in this Count as though fully set forth herein.

2.    On or about July 20, 2015, Defendant Ellinghaus-Jones, without legal authority, justification or jurisdiction therefor, issued an order to Plaintiff Doe, still falsely imprisoned, to submit to fingerprinting and the taking of mugshots by CCDC central booking.

3.    In ordering Plaintiff to provide fingerprints and photos of herself, Defendant Ellinghaus-Jones, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, sought to compel evidence from Plaintiff in a criminal case in violation of the Fifth and Fourteenth Amendments of the United States Constitution, and in violation of Article 22 of the Maryland Constitution.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 11 against Defendant Ellinghaus-Jones for compensatory damages in an amount exceeding $400,000, and further demands judgment for punitive damages in the amount of $200,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## COUNT 12 (Against Defendants Hardinger, Mays, Highsmith, Naill, Koslosky, Koerner, Green, Warner, and Five Unidentified Correctional Officers)

1.     On or about July 8, 2015, Defendant Sheriff DeWees met with Plaintiff Doe privately, with no witnesses, and informed her that he knew that Plaintiff Doe was not a person who should be imprisoned awaiting trial. He also informed her that the State's Attorney had filed or were contemplating filing a motion to compel fingerprints from Plaintiff, and that if such motion were granted, he would instruct and ensure that Carroll County Detention officers did not use force against Plaintiff to obtain her fingerprints.

2.     Plaintiff realleges paragraph 2 of Count 11 as paragraph 2 of Count 12, and hereby incorporates it in this Count as though fully set forth herein.

3.     On or about July 21, 2015, Defendant Warden Hardinger and several other Defendants removed Plaintiff Doe to a separate and private room within CCDC, presented her with the Judge's order compelling Plaintiff Doe to provide fingerprints and mugshots, and asked her if she would comply. Plaintiff Doe informed Defendant Hardinger that the Judge had issued the order *ex parte* and prematurely, the legal process was not yet complete, and she would not comply with the order at that time.

4.     On or about the early morning of July 23, 2015, without notice, provocation or warning, a large gang including Defendants Warner, Green, and Five Unidentified Correctional Officers, abruptly entered Plaintiff Doe's cell with a wheelchair, seized her bodily, threw her into the chair, and wheeled her out of the cell, videotaping the entire time. Plaintiff Doe offered no violence or resistance, but loudly and repeatedly questioned why Defendants were using force when the Sheriff, their boss, had promised her no Correctional Officers would use force to obtain fingerprints. Defendants ignored her and wheeled Plaintiff Doe to central booking. They forcibly pushed up her head to take a picture, and attempted to force her to give fingerprints. Eventually, they stopped trying to obtain the fingerprints, and returned Plaintiff Doe to her cell.

5.    As a result of the incident described in paragraph 4, Plaintiff Doe was traumatized, suffered high blood pressure, severe emotional distress and PTSD, and began having nightmares of persons seizing her in the middle of the night or while she was asleep, nightmares which continued over a period of at least a year after her release.

6.    Plaintiff has reason to believe that Defendant Hardinger conspired with the other Defendants, or directed the other Defendants, in their undertaking of the unlawful actions described in paragraph 4.

7.    As a result of their concerted unlawful and malicious arrest, false imprisonment, and battery of Plaintiff, Defendants Hardinger, Warner, Green, and Unidentified Correctional Officers, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, intentionally inflicted emotional distress on Plaintiff, compelled her to give evidence against herself, and deprived Plaintiff of her liberty without due process of law and violated the security of her person in violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count VII against all Defendants, jointly and severally, for compensatory damages in an amount exceeding $400,000, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of $25,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## Count 13 (Against Defendant James DeWees)

1-39.   Plaintiff alleges and realleges Paragraphs 1 through 10 of Count 1 as Paragraphs 1-10 of this Count; Paragraph 11 of Count 2 as Paragraph 12 of this Count; Paragraphs 11-13 of Count 3 as Paragraphs 13-15 of this Count; Paragraphs 11-28 of Count 6 as Paragraphs 16-33 of this

Count, and Paragraphs 1-6 of Count 12 as Paragraphs 34-39 of this Count, with the same force and effect as if fully set forth herein.

40.     Defendant DeWees not only was aware of many of the unlawful activities taking place against Plaintiff in paragraphs 1-39, but actively conspired with Defendants to undertake the unlawful actions.

41.     Defendant DeWees has the duty to regulate and control the actions of Sheriff's Deputies, Correctional Officers and CCDC employees and contractors under his supervision so as to prevent those subordinate officials from acting in a manner that deprives plaintiffs in custody of their rights under the Constitution and laws of the United States, but failed to, in the following respects:

     (a) Defendant DeWees failed to exercise adequate supervision over subordinates and failed to take steps to regulate and control the discretion of subordinate officers so as to prevent the conduct alleged in Paragraphs 1-39 above.

     (b) Defendant DeWees failed to provide or enforce lawful and proper guidelines and procedures to assist subordinates to engage in only lawful acts.

42.     Defendant DeWees' failure to supervise subordinates, and his continuation of unlawful policies and practices, whether negligently, intentionally, or with deliberate indifference and callous disregard, resulted in Plaintiff's suffering false imprisonment and deprivations of her right to equal protection of the laws in violation of the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

     WHEREFORE, Plaintiff Jane Doe demands judgment for Count 20 against Defendant DeWees, for compensatory damages in an amount exceeding $500,000, and further demands

judgment for punitive damages in the amount of §100,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

## COUNT 14 (Against Defendants Harmon, Five Unidentified Correctional Officers and Two Unidentified Sheriff's employees).

2.      On or about July 30, 2015, Defendant Harmon and Defendant Unidentified Correctional Officers removed Plaintiff Doe from her cell and caused her to be locked in a medical unit cell with no toilet or shower from mid-morning to early afternoon. Simultaneously, they executed a "shakedown" of Unit 70, Plaintiff Doe's unit, and removed all inmates from that Unit.

3.      Once all inmates were removed from Unit 70, Defendant Unidentified Sheriff's employees entered the cell in which Plaintiff Doe slept and, without any warrant, lawful reason or need, processed the room and her possessions to acquire fingerprints to send to MAFIS and the FBI.

4.      The Defendants named in this count conspired together and acted in concert to accomplish their unlawful ends.

5.      As a result of their concerted unlawful and warrantless search of Defendant's possessions and holding cell without probable cause, and unlawful and warrantless seizure of evidence against Defendant without probable cause, Defendants Harmon, Unidentified Correctional Officers, and Unidentified Sheriff's office employees, whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, seized evidence against her and violated the security of her person without due process of law, in violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 14 against all Defendants named in this count, jointly and severally, for compensatory damages in an amount exceeding $400,000, and further demands judgment against *each* of said Defendants, jointly and

severally, for punitive damages in the amount of $50,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## COUNT 15 (Against Defendants DeWees and Hardinger)

1. During Plaintiff's unlawful detention, CCDC supplied her with an inadequate diet lacking appropriate nutrition, including a severe lack of dietary oils and Vitamin C.

2. During Plaintiff's unlawful detention, CCDC failed to take appropriate hygiene and sanitation measures to prevent Plaintiff from contracting scabies.

3. As a proximate cause and result of the actions or omissions set forth in paragraphs 1-2, Defendant contracted scabies, and was in such run-down health that she was unable to fight off a complication of staph or other infections.

4. As a proximate cause and result of the scabies and staph, Plaintiff Doe was hospitalized for infection and spent over a month recuperating, and experienced recurring deep lesions in her skin for eight months, resulting in emotional distress and costs related to her health. Her direct medical bills are on or about $3,000.

5. Acting pursuant to official policy or custom, Defendant DeWees knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline CCDC personnel to protect detained citizens from contracting preventable diseases and infection.

6. Acting pursuant to official policy or custom, Defendant Hardinger knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline CCDC personnel to protect detained citizens from contracting preventable diseases and infection.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 15 against all Defendants named in this count, jointly and severally, for compensatory damages in an amount exceeding $400,000, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of $50,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## Count 16 (Against Defendants Smith, Glenn, Haines, Shirey, and Five Unidentified District Court Clerks).

1.    All charges against Plaintiff Doe, in their entirely, were dismissed by the State's Attorney by Nolle Prosequi on August 28, 2015, before the District Court of Carroll County, Judge Brian Green presiding. The dismissal was the final termination of all charges in favor of Plaintiff.

2.    Defendant Kathryn Glenn signed a Release from Commitment order to Carroll County Detention Center, dated 8/28/2015 at 9:38 a.m.

3.    Despite the release order, Plaintiff Doe remained imprisoned until approximately sometime after noon on September 1, 2015.

5.    On September 1, 2015, friends of Plaintiff Doe became aware that all charges had been dropped, and questioned the District Clerk's office as to the whereabouts of Plaintiff Doe. Upon the persistence of Plaintiff's friends, the District Clerk's office faxed the release to CCDC on the morning of September 1, 2015.

6.    Acting individually or in concert, Defendants Smith, Glenn, Haines, Shirey, and Unidentified District Clerk's office employees #1-4 negligently, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to notify the Warden of Plaintiff's release for four days, resulting in both the false imprisonment of Plaintiff for four days, and the violation of her rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 16 against all Defendants, jointly and severally, for compensatory damages of $400,000 for *each* separate day constituting a new failure or refusal to notify the Warden of Plaintiff's release, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of §200,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## Count 17 (Against Defendants DeWees, Hardinger, Mummert, Warner, and Unidentified Correctional Officers.)

1-3.     Plaintiff realleges paragraphs 1-3 of Count 16 as paragraphs 1-3 of Count 17, and hereby incorporates them in this Count as though fully set forth herein.

4.     Acting individually or in concert, Defendants DeWees, Hardinger, Mummert, Warner, Unidentified Correctional Officers negligently, knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to release Plaintiff for four days after all charges were dropped, resulting in both the false imprisonment of Plaintiff for four days, and the violation of her rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 17 against all Defendants named in this count, jointly and severally, for compensatory damages of $400,000 for *each* separate day constituting a new failure or refusal to release Plaintiff, and further demands judgment against *each* of said Defendants, jointly and severally, for punitive damages in the amount of $200,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## Count 18 (Against Defendant Wells.)

1.      On or about July 9, 2015, Defendant Wells of the State's Attorney's office filed, without legal authority or justification, a motion to compel Defendant to provide fingerprints.

2.      In filing his motion, Defendant Wells furthered the malicious prosecution begun by the filing of charges against her, and whether negligently, intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, sought to compel evidence from Plaintiff in a criminal case in violation of Article 22 of the Maryland Constitution and the Fifth and Fourteenth Amendments to the United States Constitution.

3.      Defendant Wells, knowing that no probable cause existed for the charges filed against Plaintiff Doe, misused the criminal process to develop Plaintiff's false imprisonment into an investigation, without probable cause, into hypothetical crimes against her, in the hope of finding something to justify the false imprisonment.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 18 against Defendant Wells for compensatory damages in an amount exceeding $400,000, and further demands judgment for punitive damages in the amount of $200,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## Count 19 (Against Defendant DeLeonardo.)

1.      Defendant DeLeonardo of the State's Attorney's office maintained the malicious prosecution and false imprisonment begun by the filing of charges against Plaintiff Doe, despite knowing no probable cause existed for the charges filed against her.

2.      Defendant DeLeonardo, whether negligently, intentionally, maliciously, or with deliberate indifference and callous disregard of Plaintiff's rights, failed to drop the charges against Plaintiff Doe until just before the scheduled trial because he intended to punish Plaintiff

without due process, in violation of her rights under the Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the U.S. Constitution.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 19 against Defendant DeLeonardo for compensatory damages in an amount exceeding $400,000, and further demands judgment for punitive damages in the amount of $200,000, plus the costs of this action and such other relief as the Court deems just and equitable.

## Count 20 (Against Defendant Warden Hardinger)

1-30.   Plaintiff alleges and realleges Paragraphs 1 through 30 of Count 6 as Paragraphs 1 through 30 of this Count, with the same force and effect as if fully set forth herein.

31.     Defendant Hardinger not only was aware of many of the unlawful activities taking place against Plaintiff in paragraphs 1-30, but actively conspired with Defendants or directed them to undertake the unlawful actions.

32.     Defendant Hardinger has the duty to regulate and control the actions of Correctional Officers and employees under his supervision so as to prevent those subordinate officials from acting in a manner that deprives plaintiffs in custody of their rights under the Constitution and laws of the United States, but failed to, in the following respects:

(a) Defendant Hardinger failed to exercise adequate supervision over subordinates and failed to take steps to regulate and control the discretion of subordinate officers so as to prevent the conduct alleged in Paragraphs 1-30 above.

(b) Defendant Hardinger failed to provide or enforce lawful and proper guidelines and procedures to assist subordinates to engage in only lawful acts.

33.     Defendant Hardinger's failure to supervise subordinates, and his continuation of unlawful policies and practices, whether negligently, intentionally, or with deliberate indifference and

callous disregard, resulted in Plaintiff's suffering false imprisonment and deprivations of her right to equal protection of the laws in violation of the First, Fourth, Fifth, Eighth, Ninth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Jane Doe demands judgment for Count 20 against Defendant Hardinger, for compensatory damages in an amount exceeding $500,000, and further demands judgment for punitive damages in the amount of §100,000, plus the costs of this action and such other and further relief as the Court deems just and equitable.

## IV. Jury Trial Demand

Plaintiff requests a jury trial.

Submitted this 2nd day of July, 2018.

Jane Doe:          Her Mark
Jane Doe, CCDC #25361
c/o LWRN
5 South Center Street, #1100
Westminster, MD 21157
410-857-5444
lwrn@mail.com