UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JANE DOE,

    Plaintiff,

v.

JAMES T. DEWEES,
SHERIFF OF CARROLL COUNTY, *et. al.*,

    Defendants.

Civil Action No. TDC-18-2014

**MEMORANDUM ORDER**

Plaintiff Jane Doe has filed a civil rights action under 42 U.S.C. § 1983 alleging constitutional violations relating to her arrest and prolonged detention following a traffic stop during which she refused to provide her name to law enforcement officers and later to the state court. On March 23, 2020, the Court issued a Memorandum Opinion and Order granting in part and denying in part a Motion to Dismiss filed by Defendants. ECF Nos. 48, 49. As part of the ruling, the Court dismissed claims that law enforcement personnel violated her constitutional rights by taking steps to take her photograph and to take her fingerprints after she refused to comply with a court order to give her name, in part on the grounds that the Fifth Amendment right against self-incrimination does not permit an individual to refuse to provide her name to law enforcement or the court. After the Court declined to reconsider its ruling on this issue in an Order granting in part and denying in part Doe's Motion to Alter or Amend Judgment and Vacate Portions of the Judgment, Doe filed a Notice of Appeal of the Court's Orders on both motions. On December 28, 2020, the United States Court of Appeals for the Fourth Circuit dismissed Doe's appeal for lack of jurisdiction because "[t]he orders Doe seeks to appeal are neither final orders nor appealable

interlocutory or collateral orders." *Doe v. DeWees*, 831 F. App'x 671, 672 (4th Cir. 2020). Then, on February 26, 2021, the Court denied Doe's Objection to an order by United States Magistrate Judge Charles B. Day requiring Doe to respond to questions about her identity on the grounds that the information was relevant to this case and that the Fifth Amendment does not permit her to refuse to provide such information in a civil case.

Doe has now filed a Motion for Certification under 28 U.S.C. § 1292(b), requesting that the Court certify an interlocutory appeal of its March 23, 2020 Memorandum Opinion and Order on the Motion to Dismiss and its February 26, 2021 Order. Specifically, Doe requests authorization to appeal "on the question of [her] right to assert her Fifth Amendment rights with respect to requested 'identifying information.'" Mot. for Certification at 1, ECF 123. Defendants did not file any response. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be DENIED.

## DISCUSSION

Doe seeks certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This provision states that a district court may certify for appeal an order that is not otherwise appealable if it concludes that (1) the order involves a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b) (2018). Piecemeal interlocutory appeals should be "avoided" because review of non-final judgments is "effectively and more efficiently reviewed together in one appeal" at the end of litigation. *James v. Jacobson*, 6 F.3d 233, 237 (4th Cir. 1993). Since certification under § 1292(b) should be granted "sparingly," the statute's requirements "must be strictly construed." *United States ex rel. Michaels*

v. *Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)).

The Fourth Circuit has defined a controlling question of law to be a "pure question of law," that is, "an abstract legal issue that the court of appeals can decide quickly and cleanly." *Id.* (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016)). A pure question of law does not require the appellate court "to delve beyond the surface of the record in order to determine the facts." *Id.* at 341 (quoting *McFarlin v. Conseco Servs., LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004)). In contrast, a question is not a controlling question of law where the appellate court is asked to consider "whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* (quoting *McFarlin*, 381 F.3d at 1259).

If "controlling law is unclear," there may be substantial grounds for difference of opinion for purposes of § 1292(b). *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Therefore, courts find substantial grounds where "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* However, the "mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient." *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996). Lack of unanimity among courts, *North Carolina ex rel. Howes v. W.R. Peele, Sr. Trust*, 889 F. Supp. 849, 852 (E.D.N.C. 1995), and a lack of relevant authority, *Union County v. Piper Jaffray & Co., Inc.*, 525 F.3d 643, 647 (8th Cir. 2008), do not suffice. Similarly, a party's disagreement with the decision of the district court, no matter how strong, does not create substantial grounds. *Couch*, 611 F.3d at 633.

Under the material-advancement prong, certification of an interlocutory appeal is appropriate only "in exceptional situations in which doing so would avoid protracted and

3

expensive litigation." *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, 1989 WL 42583, at *2 (4th Cir. 1989) (quoting *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). Where litigation is likely to continue in a significant way regardless of the resolution of an interlocutory appeal, the appeal does not materially advance the termination of the case. *See Hall v. Greystar Mgmt. Servs.*, 193 F. Supp. 3d 522, 528 (D. Md. 2016) (declining to certify an interlocutory appeal where a reversal would likely lead to refiled litigation in state court).

Here, Doe seeks certification of an interlocutory appeal so that the Fourth Circuit can consider whether Doe has a Fifth Amendment right to refuse to provide requested identifying information, including her name, both in response to requests to identify herself to law enforcement and the courts during the events underlying her civil lawsuit and in response to questions in a deposition in this case. The Motion fails for multiple reasons. First, the question that Doe seeks to appeal is not a question of law on which there is substantial ground for a difference of opinion. Such a ground exists if courts, rather than parties, disagree on a controlling legal issue. *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 624 (D. Md. 2013). As noted in the Court's prior rulings, in *Hiibel v. Sixth Judicial Dist. Ct. of Nevada*, 542 U.S. 177 (2004), the United States Supreme Court held that a defendant did not have a Fifth Amendment right to refuse to disclose his name. *Id.* at 190–91. The Court reasoned that the Fifth Amendment protects communications that are testimonial, incriminating, and compelled, and that to be incriminating, there must be a "real and appreciable" danger that a statement would be used to incriminate the individual or that it "would furnish a link in the chain of evidence needed to prosecute" that person. *Id.* at 189–90. Noting that in every criminal case, the name of the defendant is known and that even witnesses who plan to invoke their Fifth Amendment privilege "answer when their names are called to take the stand," the Supreme Court determined that

4

providing one's name "is likely to be so insignificant in the scheme of things as to be incriminating only in unusual circumstances." *Id.* at 191.

Although *Hiibel* did not foreclose all Fifth Amendment challenges based on a refusal to provide one's name, Doe has cited no cases that have found such an "unusual circumstance," nor has she identified any case that has disagreed with *Hiibel*. Doe's reliance on *Pennsylvania v. Muniz*, 496 U.S. 582, 590 (1990), is misplaced. In *Muniz*, a drunk-driving suspect made "incriminating utterances" while performing a series of sobriety tests. *Id.* at 584. In considering whether the utterances constituted testimonial responses to custodial interrogation for purposes of the Fifth Amendment, the Court stated that "the delivery and content" of the suspect's answers to routine booking questions and the date of his sixth birthday were incriminating based on the "slurred nature" of the suspect's speech, his inability to provide the date of his sixth birthday, and the resulting "inference of mental confusion." *Id.* at 590, 592–93. The Court never stated that the suspect's name in and of itself was incriminating. *Id.* at 593.

In the face of controlling case law, Doe argues that in her particular case, providing her name would violate her Fifth Amendment right because it would provide a link in the chain of evidence needed to convict her of a crime—specifically, driving without a license and criminal tax charges—because she asserts that she neither has a driver's license nor files income taxes. Notably, courts have rejected various Fifth Amendment claims relating to requirements that drivers of vehicles provide their names and relating to potential tax consequences. *See, e.g., California v. Byers*, 402 U.S. 424, 431–32 (1971) (denying a Fifth Amendment challenge to a statute that requires persons involved in a car accident to stop and provide their name and address because it would be an "'extravagant' extension" of the Fifth Amendment privilege, and "[d]isclosure of name and address is an essentially neutral act"); *United States v. Sullivan*, 274 U.S. 259, 263–64

5

(1927) (holding that a defendant did not have a Fifth Amendment right to refuse to file a tax return on the grounds that his income had been derived from illegal sources because "[i]t would be an extreme if not an extravagant application of the Fifth Amendment to say that it authorized a man to refuse to state the amount of his income because it had been made in crime"). Regardless, for Doe's argument to succeed, she must show that under the facts of the present case, the risk of prosecution was "real and appreciable" rather than "a danger of an imaginary and unsubstantial character." *Hiibel*, 542 U.S. at 190. The question on which Doe seeks certification of an interlocutory appeal is thus not a "controlling" question of law because it is not a "pure question of law." *Agape Senior Cmty.*, 848 F.3d at 340. While Doe asserts that providing her name would establish a link in the chain of evidence needed to convict her of various crimes and therefore is incriminating for purposes of the Fifth Amendment, the evaluation of that question would require consideration and application of the facts in this case and an assessment of "whether the district court properly applied settled law to the facts or evidence of a particular case." *Id.* at 341. Because that is not a pure question of law, interlocutory appeal is not proper here. *Id.* at 340.

    Finally, it is clear that resolution of this question would not materially advance the termination of the litigation. The Court's ruling on Doe's Fifth Amendment argument resolved only 2 of her 35 claims in the Amended Complaint. For some or all of the 10 claims that remain following the Court's ruling on the Motion to Dismiss, substantial factual disputes remain relating to the specific treatment that Doe received and whether it was justified. A ruling that Doe need not disclose her name in a deposition would not eliminate the need for discovery on, and adjudication of, these numerous factual issues.

    Because Doe fails to meet the requirements of § 1292(b), the Court will deny the Motion.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Doe's Motion for Certification Under 28 U.S.C. § 1291(b), ECF No. 123, is DENIED.

Date: June 17, 2022

THEODORE D. CHUANG
United States District Judge