UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

JANE DOE,

    Plaintiff,

v.

JAMES T. DEWEES,
*Sheriff of Carroll County, et al.*,

    Defendants.

Civil Action No. TDC-18-2014

## MEMORANDUM OPINION

Plaintiff Jane Doe filed a civil rights action pursuant to 42 U.S.C. § 1983 in connection with her arrest and detention on June 27, 2015 by Deputy Sheriffs of the Sheriff's Office of Carroll County, Maryland following a traffic stop during which she refused to reveal her name. Presently pending before the Court is Defendants' Motion to Dismiss. Upon review of the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED.

## BACKGROUND

The Court has previously issued multiple opinions and orders relevant to the Motion, including *Doe v. DeWees*, No. TDC-18-2014, 2020 WL 1331902 (D. Md. Mar. 23, 2020); *Doe v. DeWees*, No. TDC-18-2014, 2022 WL 2195187 (D. Md. June 17, 2022); and the Orders at ECF Nos. 54, 87, and 132, all of which are incorporated by reference and provide substantial background information on the underlying facts and procedural history of this case. The Court therefore provides only those additional facts necessary for resolution of the pending Motion.

I.     **Arrest and Detention**

On June 27, 2015 at approximately 1:30 a.m., Doe was driving in Westminster, Maryland when she became aware of flashing lights in her rearview mirror. Doe was subsequently pulled over for an alleged motor vehicle infraction by Deputy Sheriff Ben Craft of the Carroll County Sheriff's Department. After Doe refused to provide her name, Doe was detained and transported to the Carroll County Detention Center ("CCDC"). Doe was charged with disobedience of a lawful order, resisting arrest, and obstructing or hindering an officer. While at CCDC, Doe continued to refuse to provide law enforcement officers with her legal name, and she was detained until the morning.

On June 27, 2015, between 10:00 a.m. and 11:00 a.m., Doe was taken from a booking cell to an initial appearance before Commissioner Michele Miner of the District Court of Maryland for Carroll County ("the Carroll County District Court"). Doe refused to provide her name to Commissioner Miner and stated that she had a constitutional right not to give evidence against herself. Commissioner Miner informed Doe that she would not set bail unless Doe provided her name. When Doe continued to refuse to identify herself, Commissioner Miner deemed Doe "recalcitrant," terminated the proceeding, and ordered her held without bail. Am. Compl. at 43, ECF No. 18. Doe was then returned to CCDC from June 27, 2015 to June 30, 2015.

On June 30, 2015, Doe attended a hearing by closed-circuit television before Judge Mary C. Reese of the Carroll County District Court. Doe was represented by counsel at the hearing. Judge Reese asked Doe to provide her name, address, date of birth, and social security number. Doe again refused to provide the requested information. Judge Reese then set bail at $500,000. Doe was returned to CCDC.

2

On July 7, 2015, Doe attended a second hearing by closed-circuit television before Judge JoAnne Ellinghaus-Jones of the Carroll County District Court. At this hearing, the public defender declined to represent Doe because she refused to identify herself. Judge Ellinghaus-Jones told Doe that the purpose of the hearing was to obtain identifying information in order to run her criminal record; that Doe did not have a Fifth Amendment right to remain silent as to questions about her identity; and that she would not be released pending her trial unless she provided identifying information. Doe continued to refuse to give her name or address. Doe was returned to CDCC and remained in detention until the State's Attorney terminated the charges against her by *nolle prosequi* on August 28, 2015.

## II.   Procedural History

On July 2, 2018, Doe filed her original Complaint in this Court. On April 25, 2019, Doe filed an Amended Complaint in which she alleges federal and state constitutional violations arising from her arrest and detention. On March 23, 2020, in resolving Defendants' first Motion to Dismiss, the Court denied the claim that the Court should dismiss this case on the grounds that Doe was improperly using a pseudonym and was not suing in her own name. *Doe*, 2020 WL 1331902, at *6. The Court ruled that the case could proceed because Doe had asserted that Jane Doe is now her common law name, but it reserved ruling on whether her refusal to disclose her birth name or other names used would prevent her from pursuing her case to judgment. *Id.*

On July 16, 2020, discovery commenced. In response to Defendants' interrogatories, Doe objected to requests for: (1) her birth name and all other names she has ever used; (2) her date of birth; (3) the names and locations of educational institutions she has attended; (4) her employment history; and (5) information related to her driver's license history.

3

On September 3, 2020, in advance of Doe's September 17, 2020 deposition, Defendants filed a request for a pre-deposition conference. Defendants reported that Doe had refused to "provide complete information regarding her identity, her birth name, all other names that she has used, her educational background, and her driving privileges" and requested the conference in order to "resolve these issues in advance of the deposition." 9/3/20 Letter at 1–2, ECF No. 69.

During a pre-deposition conference on September 16, 2020, United States Magistrate Judge Charles B. Day heard argument from both sides on whether Doe should be required to disclose her birth name and other identifying information during discovery. In the course of the conference, Doe objected to such questions based on her invocation of her Fifth Amendment right against self-incrimination and referenced her right to assert a Motion for a Protective Order to preclude questioning on these issues. On the record, Judge Day overruled Doe's objections, heard argument on and then denied Doe's Motion for a Protective Order, and ordered Doe to respond to deposition questions about "your name, your date of birth, any names you've used from the time of birth, and ... addresses." 9/16/20 Hrg. Tr. at 14–15, ECF No. 142-2. Specifically, he concluded that the information sought was "typical and common," "almost rote," and also was the "kind of identifying information" that "is helpful to all parties in every civil case in order to conduct due diligence, research, and investigation," including to identify any criminal history that could be used for impeachment purposes. *Id.* at 14. Judge Day also orally warned Doe that non-compliance with his order could "lead up to a dismissal" of the case. *Id.* at 18.

After the conference, Judge Day issued the following Order:

> The Court held a conference on the record on today's date. After hearing from the parties the Court Ordered Plaintiff to provide the following information during her deposition if asked: all names she has ever used, her date of birth, and any addresses used in the past. It is further Ordered that Plaintiff will provide complete information regarding her identity, her birth name, her educational background and her driving privileges as requested by Defendants. The Court requires this

4

> information over the objection of Plaintiff and has denied Plaintiff's request for a Protective Order regarding these issues. The Court advised Plaintiff of the likelihood of sanctions and/or being held in contempt of court in the event she elects not to obey the Order. Furthermore, the Court warns Plaintiff that repeated or persistent failures to obey orders of the Court can eventually result in the dismissal of her claims.

9/16/20 Order, ECF No. 73.

On September 17, 2020, Defendants conducted a deposition of Doe. During the deposition, Doe again invoked the Fifth Amendment rights and refused to provide her birth name; her date of birth; her place of birth; addresses she has previously used; her educational background; and her driver's license history. Doe acknowledged that she had previously used more than three names and possibly more than five names, but she provided Defendants with only two of these names, Debra Stalwart and Patricia Armstrong.

On September 18, 2020, because of Doe's failure to comply with Judge Day's September 16, 2020 Order, Defendants requested a conference with the Court at which they intended to seek leave to file a Motion for Sanctions, to seek a finding of contempt, and to file a Motion for a Protective Order barring Doe from propounding discovery requests until she complied. After the Court set a briefing schedule for such motions at an April 20, 2021 conference, Defendants filed a Motion for Sanctions and for a Protective Order on April 30, 2021.

Meanwhile, on October 9, 2020, Doe filed an objection pursuant to Federal Rule of Civil Procedure 72 to Judge Day's September 16, 2020 Order requiring her to respond to the questions posed at the deposition. On February 26, 2021, this Court denied Doe's objection to Judge Day's Order requiring her to respond to the questions posed at the deposition. ECF No. 87.

On January 18, 2022, Doe filed a Motion for Certification Under 28 U.S.C. § 1292(b) in which she sought leave to file an interlocutory appeal on the issue of whether she had a Fifth Amendment right to refuse to disclose her name.

Judge Day scheduled a telephone hearing on Defendants' Motion for Sanctions to occur on February 24, 2022, and provided notice to Doe, but Doe did not appear. On the record that day, Judge Day denied the Motion for Sanctions without prejudice. Judge Day also issued an order stating in part:

> Plaintiff shall be re-deposed within 14 days. Said deposition shall be limited to the topics which Plaintiff refused to provide substantive answers despite the previous order of the Court to do so. Defendants shall provide at least 3 business days' notice of the deposition. There will be no other discovery until the deposition is completed. Within 48 hours of the completion of the deposition, the parties shall provide a status report regarding Plaintiff's compliance. If Plaintiff complies, the Court will address the remaining discovery issues. If not, the Court will recommend this matter to be dismissed.

2/24/22 Order, ECF No. 126.

On March 10, 2022, Defendants conducted a second deposition of Doe. Again, Doe refused to provide information about her birth name; date of birth; prior names that she has used; prior addresses; educational background; and driver's license history. As grounds, Doe again invoked the Fifth Amendment and also asserted that she should not be required to answer such questions until this Court ruled on her Motion for Certification under 28 U.S.C. § 1292(b).

On June 17, 2022, this Court denied Doe's Motion for Certification under 28 U.S.C. § 1292(b). *Doe*, 2022 WL 2195187, at *2–3. On October 17, 2022, in an Order resolving Doe's remaining objections to orders or actions by Judge Day, the Court ruled that the record of the March 10, 2022 deposition was valid and reaffirmed Judge Day's September 16, 2020 Order requiring responses to questions about her birth name and other background information. The Court thus required the parties to identify a date for a renewed deposition at which Doe would receive a final opportunity to comply with the September 16, 2020 Order.

On October 31, 2022, the parties submitted a Joint Status Report stating that because Doe had confirmed that she would continue to refuse to answer the questions at issue in the September

6

16, 2020, no third deposition should be held, and the Court should rely on the transcript of the deposition on March 10, 2022.

On November 10, 2022, the Court issued an Order in which it directed Doe to state for the record whether she intended to comply with the September 16, 2020 Order, granted Defendants leave to file a Motion to Dismiss if Doe did not agree to comply, and warned Doe that the failure to comply with Judge Day's September 16, 2020 Order would result in dismissal of her case. In response, Doe continued to invoke her Fifth Amendment rights and requested that the Court vacate its November 10, 2022 Order, which the Court understood to confirm that she did not intend to comply with the September 16, 2020 Order.

On November 30, 2022, Defendants filed the pending Motion to Dismiss based on Doe's failure to comply with the Court's September 16, 2020 Order. On December 13, 2022, the Court issued an Order declining Doe's request that it vacate its November 10, 2022 Order and again warned Doe that the failure to comply with Judge Day's September 16, 2020 Order may result in dismissal of her case. Doe filed a memorandum in opposition to the Motion to Dismiss on January 6, 2023. The Motion is now fully briefed.

## DISCUSSION

In their Motion to Dismiss, Defendants seek dismissal of all claims under Federal Rules of Civil Procedure 37 and 41 on the grounds that Doe has refused to comply with multiple court orders, particularly the September 16, 2020 Order, to provide information in response to deposition questions related to her identity and background.

### I. Legal Standard

As a threshold matter, because Defendants' Motion is based on Doe's conduct during discovery, the Court considers it under Rule 37, not Rule 41. In *Societe Internationale Pour*

*Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197 (1958), the United States Supreme Court stated that "whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery." *Id.* at 207. There is "no need to resort" to Rule 41, which "lacks [the] specific references to discovery" present in Rule 37. *Id.* Accordingly, because the Motion under consideration involves discovery, the Court considers it only pursuant to Rule 37.

Under Rule 37, the Court has the authority to dismiss an action for failure to comply with discovery orders. Fed. R. Civ. P. 37(b)(2)(A)(v). In evaluating whether to dismiss a case under Rule 37, the Court considers four factors: (1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice that the noncompliance caused the moving party; (3) the need for deterrence of the particular noncompliance; and (4) the effectiveness of less dramatic sanctions. *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003). In light of the "significance of warning a defendant about the possibility of default before entering" the "harsh sanction" of dismissal, courts must also consider whether the party was adequately warned about the possibility of dismissal. *Hathcock v. Navistar Intern. Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995).

## II. Validity of the Orders

In opposing the Motion, Doe does not claim that she did not disobey the Court's orders, or that she did not understand them. Rather, she attempts to relitigate the orders and argues that the September 16, 2020 Order and the subsequent orders were procedurally and substantively invalid. Thus, before addressing the factors relevant to a motion to dismiss under Rule 37, the Court will address Doe's arguments.

First, Doe argues that the September 16, 2020 Order was invalid because it was issued prior to the deposition and because it was issued in the absence of a formal motion to compel. These arguments lack merit. The district court has the "inherent power to control discovery." *See Buffington v. Balt. Cnty.*, 913 F.2d 113, 132 n.15 (4th Cir. 1990). Here, Defendants, having been told that Doe would refuse to answer certain questions at her deposition, sought a pre-deposition ruling from the Court that she was required to answer the questions. As is common practice in this District and elsewhere, Judge Day sought to address this discovery dispute through a telephone conference, heard arguments from both sides, and instructed Doe to provide the information at the scheduled deposition. In doing so, the Court noted the need to preserve judicial resources and avoid disrupting the deposition. 9/16/20 Hrg. Tr. at 8. Thus, it was entirely appropriate for the Court to address and resolve this issue before the deposition.

Doe's claim that the order was invalid because there was no formal motion to compel is likewise unpersuasive. Defendants filed a written request for a conference to resolve the dispute and the Court clearly construed this request and the requests made at the conference as an oral motion to compel. Where Doe was on notice that Defendants were seeking to compel responses to their questions, the Court held a hearing on the motion, and granted the motion, the September 16, 2020 Order was properly issued. *See McDougall v. Dunn*, 468 F.2d 468, 471 n.4 (4th Cir. 1972) (finding an oral motion to compel discovery to be properly before the court); *Jones v. Uris Sales Corp.*, 373 F.2d 644, 647–48 (2d Cir. 1967) (finding that oral proceedings in the judge's chambers constituted an oral motion to compel under Rule 37(b)). In any event, where Doe had multiple additional opportunities to argue the question of whether she should be compelled to respond to the questions, including in her formal objections to the United States district judge, yet

9

continued to defy the Court's orders even after those objections were overruled, Doe cannot claim that there was a procedural deficiency that justifies her refusal to comply with the Court's orders.

Second, Doe continues to argue that the Court's orders are substantively flawed because the information sought is not relevant to the present case and because she has a Fifth Amendment right not to respond to the questions. However, the Court finds that the background questions were proper subjects of discovery in this case. Parties may seek discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26(b) has been "generously construed to provide a great deal of latitude for discovery." *Harris v. Nelson*, 394 U.S. 286, 297 (1969). The primary issue, Doe's birth name, and the other information sought, including all previous names she has used, previous addresses, date of birth, and educational background, constitute routine, relevant background information subject to discovery. Defendants may properly seek such information, among other reasons, to assess whether there is any proper impeachment evidence that could be relevant to this case, such as criminal history, litigation history, and prior instances of false statements, which may be particularly important in a case in which Doe has accused law enforcement officers, correctional officers, and court personnel of misconduct, and credibility could be of paramount significance at a trial. In particular, information on Doe's driver's license history is relevant in a case that began with a dispute over the lawfulness of a traffic stop.

As for Doe's Fifth Amendment argument, the Court has already addressed this question and concluded that Doe has no Fifth Amendment privilege against providing her name in this case. *Doe*, 2020 WL 1331902, at *12, *19; *Doe*, 2022 WL 2195187, at *2–3. As the Court previously found, in *Hiibel v. Sixth Jud. Dist. Ct. of Nevada*, 542 U.S. 177, 190–91 (2004), the United States Supreme Court held that providing one's name "is likely to be so insignificant in the scheme of

10

things as to be incriminating only in unusual circumstances." *Id.* at 191. Doe has not shown any such unusual circumstances. Doe now asserts that information related to her driving privileges is protected under the Fifth Amendment because she was arrested on April 20, 2022 for driving without a license and is currently facing related criminal charges in state court. However, the June 27, 2015 arrest underlying the operative Amended Complaint occurred almost seven years prior to Doe's April 20, 2022 arrest, and the September 17, 2020 and March 20, 2022 depositions at which she refused to comply with the Court's orders to respond to questions about her driver's license history predate that event. Doe's Fifth Amendment claim relating to her driver's license history is thus without merit.

## III.   Bad Faith

Turning to the requirements for dismissal under Rule 37, the Court first addresses whether Doe has acted in bad faith, which includes when a party fails to comply with a court order and clearly should have understood its duty to the court but nonetheless "deliberately disregarded" it. *See Rabb v. Amatex Corp.*, 769 F.2d 996, 1000 (4th Cir. 1985). In particular, bad faith has been found where a party "has failed to comply with more than one order of the Court." *See Fisher v. Fisher*, No. WDQ-11-1038, 2012 WL 2873951, at *3 (D. Md. July 12, 2012). Here, Doe has repeatedly refused to comply with multiple court orders. Beginning with the September 16, 2020 Order that directed Doe to provide at her deposition information related to all names she has ever used, her birth name, her date of birth, all addresses used in the past, her educational background, and her driver's license history, Doe has refused to provide any of this information for over two and a half years. In particular, despite that Order, Doe refused to provide the information at the September 17, 2020 deposition. After that order was reaffirmed through Judge Day's February 24, 2022 Order, and Doe was warned that the failure to comply with the Court's order could result

11

in dismissal of her case, Doe again refused to provide the requested information at her March 10, 2022 deposition.

Further, this Court has issued multiple orders affirming Judge Day's Orders and directing Doe to provide the requested information. While Doe argued at various times that she did not need to comply with Judge Day's Orders because she was effectively appealing them to the United States district judge or beyond, this Court overruled Doe's objections to the September 16, 2020 Order on February 26, 2021, and it denied her Motion for Certification under 28 U.S.C. § 1292(b) on June 17, 2022. Finally, after Doe confirmed that an additional deposition would be futile and that she would continue to refuse to answer the questions, this Court issued orders on November 4, 2022 and November 10, 2022 reaffirming that she had to comply with the September 16, 2020 Order and warning that failure to comply with these orders would result in dismissal of her case. Doe nevertheless informed the Court that she did not intend to comply with these orders. In light of this record of defiance of multiple court orders for over two years, the Court has no difficulty finding bad faith. *See United States v. One Tract of Real Prop.*, No. 95-1282, 1997 WL 71719, at *3 (4th Cir. Feb. 20, 1997) (finding that a party's repeated refusals to comply with legitimate discovery requests, despite court orders to the contrary, constituted bad faith and upholding the district court's dismissal of the case under Rule 37).

## IV. Prejudice

On the issue of prejudice, a party's noncompliance with discovery orders is prejudicial to the opposing party if the noncompliance prevents the opposing party from proving its case or preparing for trial, *see Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs. Inc.*, 872 F.2d 88, 93 (4th Cir. 1989); *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001), or results in excessive delay, *Anderson v. Found. for Advancement, Educ. & Emp. of Am. Indians*,

12

155 F.3d 500, 505 (4th Cir. 1998). Here, Doe's repeated refusal to disclose the required identity information has prevented Defendants from conducting meaningful discovery which, as discussed above, could lead to impeachment evidence that could be particularly significant in a case that may turn on Doe's credibility. *See supra* part II. As a result, this case is now five years old, and Defendants' ability to have witnesses available to testify, with accurate recall of events, is now undoubtedly compromised. The Court therefore finds that Doe's failure to comply with the Court's Orders has resulted in prejudice to Defendants. *See One Tract of Real Prop.*, 1997 WL 71719, at *3 (finding that, where a party's noncompliance with discovery orders prevented the Government from defending against claims, facts, and witnesses not disclosed by the opposing party, such conduct prejudiced the Government).

## V.     Need for Deterrence

The need for deterrence is high where, for example, the disobedient party has "not just dragged [its] feet in discovery or been slow to produce responses," but has "willfully and consistently stood in complete defiance of the Federal Rules" and has "failed to comply in any way with" court orders. *Fisher*, 2012 WL 2873951, at *4. In particular, ignoring direct orders from the court with impunity must be deterred. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. Where Doe has continuously flouted multiple court orders, her conduct warrants deterrence. *See id.*; *Fisher*, 2012 WL 2873951, at *4; *One Tract of Real Prop.*, 1997 WL 71719, at *3 (finding that a party's repeated refusals to comply with court-ordered discovery warranted deterrence and upholding the district court's decision to dismiss the case under Rule 37).

## VI.    Effectiveness of Less Drastic Sanctions

Courts have found that where a plaintiff has been repeatedly warned of possible dismissal of the case for continued noncompliance, less drastic sanctions would not be effective. *See One*

13

*Tract of Real Prop.*, 1997 WL 71719, at *3; *Snead v. Automation Indus., Inc.*, 102 F.R.D. 823, 828 (D. Md. 1984) (applying this prong to a Rule 41 dismissal). Here, because Doe was warned on multiple occasions that her continued noncompliance would result in dismissal, the Court finds that less drastic sanctions would not be effective. *One Tract of Real Prop.*, 1997 WL 71719 at *3 (finding that less drastic sanctions would not be effective where the Court had repeatedly threatened dismissal); *Snead*, 102 F.R.D. at 828 (finding that less drastic sanctions would not be effective where a party had already been repeatedly threatened with dismissal and dismissing the case under Rule 41).

### VII. Warning

Finally, the Court's repeated warnings to Doe about the possibility of dismissal further warrant dismissal. The United States Court of Appeals for the Fourth Circuit has held that before dismissing a case for failure to comply with court orders, a district court must provide the noncomplying party with "explicit and clear notice" that the failure to comply with the orders could result in dismissal. *See Malhotra v. KCI Tech., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007). Here, the Court has explicitly provided Doe with such a warning on at least five occasions: September 16, 2020, February 24, 2022, November 4, 2022, November 10, 2022, and December 13, 2022. Accordingly, with all factors weighing in favor of dismissal, the Court will grant the Motion to Dismiss.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. A separate Order shall issue.

Date: April 12, 2023

THEODORE D. CHUANG
United States District Judge